# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Neal Gerald Thomas, | ) | Civil Action No. 2:18-00671-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 43) recommending the Court grant the Defendant's Motion to Dismiss. (Dkt. No. 36.) For the reasons set below, the Court adopts the R & R as the order of the Court and the case is dismissed.

## I. Background

Plaintiff Neal Gerald Thomas filed a Complaint against the Ralph H. Johnson VA Medical Center alleging negligence. (Dkt. No. 11.) The complaint alleges that the Defendant provided "false medical diagnosis that plaintiff was/is suffering from a neurological disease including schizophrenia, delusions, [and] psychotic." (*Id.*) Defendant filed a Motion to Dismiss on December 12, 2018, alleging Plaintiff's claim sounded in medical malpractice and therefore required an affidavit of an expert witness under South Carolina law. (Dkt. No. 36.) Plaintiff filed a Response on January 14, 2019, which included four documents labeled "Affidavit/Declaration," signed by Plaintiff. (Dkt. No. 42.) Plaintiff's Response alleged his claim sounded in ordinary negligence because it was a matter of "common knowledge and common sense," and therefore did not require an affidavit. (Dkt. No. 42.) On January 28, 2019, the Magistrate Judge issued and R

& R recommending dismissal of the case because Plaintiff failed to file the requisite affidavit of an expert witness. (Dkt. No. 43.)

## II. Legal Standard

### A. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects to. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.

1983). Plaintiff did not file objections in this case, and the R & R is therefore reviewed for clear error.

### C. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

The threshold issue is whether Plaintiff's brings a claim for medical malpractice or for negligence. A Plaintiff "has an [Federal Tort Claims Act (FTCA)] cause of action against the government only if she would also have a cause of action under state law against a private person in like circumstances." *Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991). Therefore, under the FTCA, South Carolina requirements regarding professional negligence complaints are applicable to Plaintiff's claim. *See Id.* Under South Carolina law, a plaintiff must file an affidavit of an expert witness when initiating a claim for medical malpractice. S.C. Code Ann. § 15–79–125. To the extent Plaintiff's actually brings a claim for medical malpractice, the statutory requirement under S.C. Code Ann. § 15–79–125 must be satisfied for the case to proceed. *See Cook v. United States*, No. 0:14-CV-1169-RMG, 2015 WL 2160098, at *3 (D.S.C. May 7, 2015), *aff'd*, 621 F. App'x 231 (4th Cir. 2015). *Allen v. United States*, No. 2:13-CV-2740-RMG, 2015 WL 1517510, at *1 (D.S.C. Apr. 1, 2015) ("[F]ailure to file such an affidavit with the Complaint requires dismissal of the case.").

In explaining when a claim is brought under medical malpractice rather than negligence, courts have stated that "when a negligence claim arises from injuries resulting from negligent medical treatment, the action is one for medical malpractice." *Millmine v. Harris*, 2011 WL 317643, at *1 (D.S.C. Jan. 31, 2011)". *See also Dawkins v. Union Hosp. Dist.*, 408 S.C. 171, 178, 758 S.E.2d 501, 504 (2014) (holding that professional standard of care applies where professional provides "medical services to a patient").[1] Therefore, courts in this district have construed alleged

---

[1] In contrast, the South Carolina Supreme Court explained that a claim is one for ordinary negligence where a "patient instead receives 'nonmedical, administrative, ministerial, or routine care[.]'" *Dawkins v. Union Hosp. Dist.*, 408 S.C. 171, 177–78, 758 S.E.2d 501, 504 (2014) ("claims against a hospital for injuries caused by falling ceiling tiles or improperly maintained hallways or parking lots sound in ordinary negligence, and specifically in premises liability.") (citations omitted).

negligence claims as ones for medical malpractice where Plaintiffs allege misdiagnosis, improper treatment, or failure to diagnose. *See Delaney v. United States*, 260 F. Supp. 3d 505, 510 (D.S.C. 2017) (granting summary judgment for failure to produce expert testimony where court found that Plaintiff's claim that hospital failed to identify signs that "an individual may hurt others" rested "on the specialized knowledge that medical professionals ... possess" ); *Craig v. United States*, No. 216CV03737TMCMGB, 2017 WL 6452412, at *1 (D.S.C. Nov. 6, 2017), *report and recommendation adopted*, No. 2:16-CV-03737-TMC, 2017 WL 6408968 (D.S.C. Dec. 15, 2017) (granting motion to dismiss for failure to include affidavit where Plaintiff alleged he was negligently prescribed ibuprofen); *Bane v. United States*, 2018 WL 5306930 (D.S.C. Oct. 26, 2018) (granting motion to dismiss for failure to include an expert affidavit where Plaintiff claimed he was negligently denied proper medical attention).

Here, Plaintiff claims his injury arose from a "false medical diagnosis." (Dkt. No. 11.) This is a claim that requires "medical knowledge" outside a layman's knowledge since it inherently implicates the propriety of a medical diagnosis. Plaintiff failed to file the requisite affidavit of an expert witness. Therefore, Plaintiff's claim is subject to dismissal. *See Bane v. United States*, 2018 WL 5306930 (D.S.C. Oct. 26, 2018) (dismissing case, in part, because of Plaintiff's failure to file affidavit); *Harrison v. United States*, No. 817CV02679HMHJDA, 2018 WL 2604870, at *6 (D.S.C. May 11, 2018), *report and recommendation adopted*, No. CV 8:17-2679-HMH-JDA, 2018 WL 2573032 (D.S.C. June 4, 2018) (dismissing medical malpractice claim for failure to file expert affidavit); *Craig*, 2017 WL 6452412 at *4 (same). [2]

---

[2] Additionally, to the extent the court construed Plaintiff's Complaint as a *Bivins* claims, his claims would fail. Plaintiff failed to allege a violation of any federal constitutional or statutory provision, and failed to name as a defendant any person who might be liable under *Bivins*. *See* 42 U.S.C.A. § 1983; *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 43) is **ADOPTED** as the Order of the Court, Defendant's Motion to Dismiss (Dkt. No. 36) is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court

February 15, 2019.
Charleston, South Carolina